# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Case No. 2:01CR10026 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **JERRY WAYNE ROBINSON**, | ) | By: James P. Jones |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for the United States; Jerry Wayne Robinson, Pro Se Defendant.*

The defendant, a federal inmate, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West 2006 & Supp. 2008). He asserts that he is entitled to habeas relief because of the decision in *Watson v. United States*, 128 S. Ct. 579, 586 (2007), in which the Supreme Court held that a person who trades illegal drugs for guns does not "use" a firearm "during and in relation to any . . . drug trafficking crime" within the meaning of 18 U.S.C.A. § 924(c) (West 2000 & Supp. 2008). The government has filed a response arguing that *Watson* does not provide grounds for relief in this case. Upon review of the record and briefing by the parties, I find that the § 2255 motion must be denied.

I

The defendant, Jerry Wayne Robinson, was charged by Indictment with engaging in a continuing criminal enterprise, in violation of 21 U.S.C.A. § 848 (West 1999) (Count One); conspiracy to possess with intent to distribute and to distribute oxycodone, in violation of 21 U.S.C.A. § 846 (West 1999 & Supp. 2008) (Count Two); possession with intent to distribute and distribution of oxycodone, in violation of § 21 U.S.C.A. § 841(a) (West 1999 & Supp. 2008) (Count Three); and two counts of using and carrying a firearm during and in relation to, and possession of a firearm in furtherance of, a drug trafficking offense, in violation of 18 U.S.C.A. § 924(c) (West 2000 & Supp. 2008) (Counts Four and Five).

Robinson pleaded guilty, pursuant to a written Plea Agreement, on September 24, 2001, to Counts One and Four. As part of his Plea Agreement, Robinson waived his right to file a § 2255 motion. (Plea Agr. ¶ G.) On Count One alone Robinson faced a mandatory minimum sentence of 20 years and a maximum sentence of life imprisonment. On Count Four, he faced a mandatory minimum, consecutive sentence of five years up to a maximum sentence of life imprisonment. At sentencing on December 10, 2001, I granted the government's motion for a downward departure based on Robinson's substantial assistance and sentenced Robinson to 150 months

- 2 -

Case 2:01-cr-10026-JPJ-mfu   Document 232   Filed 06/12/09   Page 2 of 9   Pageid#: 146

imprisonment on Count One and 60 months imprisonment on Count Four, to be served consecutively. Robinson did not appeal.

Robinson filed this § 2255 motion on or about August 29, 2008. He argues, based on the holding in *Watson*, that (1) the conduct for which he was charged in Count Four of the indictment—receiving a firearm in trade for oxycodone—did not constitute "using" a firearm as required for conviction under § 924(c) such that he is actually innocent of this offense; and (2) his guilty plea to Count Four was not intelligently made because the court misadvised him as to the elements of this offense.

II

To state a claim for relief under § 2255, a federal defendant must prove that one of the following occurred: (1) His sentence was "imposed in violation of the Constitution or laws of the United States"; (2) The "court was without jurisdiction to impose such sentence"; or (3) The "sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C.A § 2255(a). In a § 2255 motion, the defendant bears the burden of proving the grounds for collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir.1958).

The government argues that Robinson procedurally defaulted his claims under *Watson* because he did not present them on appeal and that they are thus barred from review under § 2255 unless he shows cause and prejudice or actual innocence so as to circumvent his default. *See Bousley v. United States*, 523 U.S. 614, 621-22 (1998) (finding that unappealed claim of unknowing guilty plea is procedurally barred from review under § 2255 unless defendant proves actual innocence of § 924(c) violation). Upon review of the record, I agree that the *Watson* holding does not support any claim on which Robinson is entitled to relief under § 2255.[1]

The Indictment in Robinson's case charged, in Count Four, as follows:

---

[1] The government does not argue that Robinson's § 2255 motion is untimely filed under § 2255(f) or that he waived his right to bring this § 2255 motion pursuant to Paragraph G of his Plea Agreement. *See United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). Because I find that the § 2255 motion is without merit in any event, I decline to address either of these affirmative defenses sua sponte.

Although Robinson previously filed a § 2255 motion, his current motion is not barred by the successive petition prohibition in § 2255(h), because I granted his motion for voluntary dismissal of the prior action without prejudice. *See Robinson v. United States*, Case No. 7:02CV01262 (W.D. Va. Mar. 20, 2003).

Even if Robinson was barred from bringing his claim under § 2255, he could present it for habeas review in a petition pursuant to 28 U.S.C.A. § 2241 (West 2006) filed in the district where he is confined. *See Short v. Shultz*, No. 7:08CV00057, 2008 WL 1984262, at *3 (W.D. Va. May 6, 2008) (finding that *Watson* claim was properly raised in § 2241 petition, pursuant to *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000)), *aff'd*, 298 F. App'x 246 (4th Cir. 2008), *cert. denied*, 129 S.Ct. 1376 (2009). I find that it furthers the interests of judicial efficiency and economy to address Robinson's claims here and now, instead of construing them as a § 2241 petition to be transferred to another court for disposition.

> 1. That on or about July, 2000, in the Western District of Virginia and elsewhere, the defendant, JERRY WAYNE ROBINSON, knowingly used and carried during and in relation to, and possessed in furtherance of, a drug trafficking offense for which he may be prosecuted in a court of the United States, a firearm to wit: Bersa, model Thunder 380, .380 caliber pistol, s/n 419812.
>
> 2. All in violation of Title 18, United States Code, Section 924(c)(1).

At his guilty plea hearing, the government offered the following account of the evidence that would have been presented as to Count Four if Robinson had elected to proceed to trial instead of pleading guilty:

> Mr. Robinson, also in count four of the indictment, traded withal [sic] Fred Smith, Alfred Gator Smith in July of 2000 a Bersa .380 which was listed in the indictment. The .380 was traded to Mr. Robinson in exchange for OxyContin tablets which Mr. Smith used and further distributed. As Mr. Robinson was the distributor of the pills, though, in furtherance of his continuing criminal enterprise, the amount of pills would not necessarily be significant in this case, but the trade of the gun for the OxyContin is, in fact, in furtherance of the drug trafficking crime. It would serve as the basis for that count.
>
> The firearm was recovered by ATF, proved to be operable, and even though it's not necessary, it had traveled in interstate commerce prior to the time the drug trade occurred.

(Plea Hrg. Tr. 38-39, Sept. 24, 2001.) Part A, Paragraphs 20-28, of Robinson's Presentence Investigation Report ("PSR") summarized the results of a seven-month investigation of a network headed by Robertson distributing large amounts of illicit

- 5 -

drugs in Eastern Kentucky and Southwest Virginia between October 1998 through January 2001. The investigation revealed that Robinson and at least eleven others were involved in the distribution of quantities of oxycodone, primarily in the form of OxyContin. Investigators determined that Robinson accepted two methods of payment for illicit drugs. Primarily, he would provide pills to his distributors, who then sold the drugs for cash; when the distributors returned the cash to Robinson, he would compensate them with OxyContin tablets. Robinson would also request specific stolen items in lieu of cash payment for illicit drugs. On two occasions in July 2000, he accepted firearms in exchange for illicit drugs.

In predecessor decisions to *Watson*, the Supreme Court addressed the meaning of "use" in § 924(c). In *Bailey v. United States*, 516 U.S. 137, 143 (1995), the Court held that simply possessing a firearm did not constitute "use" under § 924(c), and in *Smith v. United States*, 508 U.S. 223, 241 (1993), the Court held that the trading of a gun for drugs—the reverse of the present situation—was encompassed by the word "use" in the statute. In response to *Bailey*, Congress added the "possession" prong to § 924(c), so that it now penalizes a person "who, during and in relation to any . . . drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C.A. § 924(c)(1)(A). Thus, the statute now

creates distinct "use and carry" and "possession" offenses. *See United States v. Gamboa*, 439 F.3d 796, 810 (8th Cir. 2006).

In *Watson*, the Supreme Court construed the statute to mean that "a person does not 'use' a firearm under § 924(c)(1)(A) when he receives it in trade for drugs." 128 S. Ct. at 586. The government pointed out in *Watson* that "'a drug dealer who takes a firearm in exchange for his drugs generally will be subject to prosecution'" under the "possession prong" of § 924(c)(1)(A), but the Court expressly stated that "[t]his view may or may not prevail, and we do not speak to it today."[2] *Id.* at 585-86. The Fourth Circuit reads "furtherance" in § 924(c)(1)(A) according to its plain meaning—"the act of furthering, advancing, or helping forward" the defendant's drug crime. *United States v. Lomax*, 293 F.3d 701, 705 (4th Cir. 2002) (finding that this

---

[2] In an unpublished opinion, *United States v. Woods*, 271 F. App'x 338 (4th Cir. 2008), the Fourth Circuit spoke to the "possession" issue raised in *Watson*. The court held that Woods, who was charged under § 924(c) with possession of a firearm, and not use, "obviously 'possessed' firearms, under any meaning of that term, when he obtained them in the course of his drugs-for-guns business." *Id.* at 346. The court further found that

> the fact that Mark possessed a firearm in furtherance of his drug business was more than adequately proven. Curtis Jackson testified that he traded firearms to Mark for drugs, and that testimony was buttressed by the seizure of those same firearms from the "green house." Therefore, we reject Mark's claim that there was insufficient evidence to support his § 924(c) convictions for "possession of a firearm."

*Id.* The opinion in *Woods* was designated by the court to be without precedential force and accordingly I am not bound by it and must determine the issue independently.

- 7 -

reading accords with Congressional intent in amending the statute to criminalize possession).

Robinson's conduct as charged in Count Four—receiving a firearm in exchange for drugs—clearly does not qualify as "use" of the firearm during and in relation to the drug transaction under the *Watson* definition because Robinson did not actively employ the firearm during the transaction.[3] Unlike the defendant in the *Watson* case, however, Robinson was charged not only with use of a firearm, but also with possession of a firearm in furtherance of a drug offense.

The government's proffer of evidence in support of Robinson's guilty plea indicated that Robinson obtained the firearm in the course of his drug trafficking activities and, in doing so, furthered his drug business by providing the consideration for his drugs. Because Robinson's actions as charged in Count Four qualify as criminal conduct under the possession prong of § 924(c), his claim that he is actually innocent of a § 924(c) violation fails. Thus, he cannot use this argument to circumvent his procedural default. For the same reason, his § 2255 claims fail on the

---

[3] The words "use" and "carry" denote different conduct, *see Bailey*, 516 U.S. at 507, but particularly after *Watson*, it cannot be argued that Robinson's receipt of the firearm was included within the statutory meaning of "carry" since Robinson did not carry the firearm, if at all, until after the drug transaction was completed.

- 8 -

merits as well. I will thus grant the government's request to deny the defendant's motion.

A separate Order will be entered herewith.

>DATED: June 12, 2009
>
>/s/ JAMES P. JONES
>Chief United States District Judge